**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
Eastern District of Louisiana (State)
Case number (If known): 17-11182 Chapter 11

☒ Check if this is an amended filing

Official Form 205 AMENDED

# Involuntary Petition Against a Non-Individual

12/15

**Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).**

## Part 1: Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed

1. **Chapter of the Bankruptcy Code**

*Check one:*

☐ Chapter 7
☒ Chapter 11

## Part 2: Identify the Debtor

2. **Debtor's name**

INCA Refining, LLC

3. **Other names you know the debtor has used in the last 8 years**

Include any assumed names, trade names, or *doing business as* names.

4. **Debtor's federal Employer Identification Number (EIN)**

☐ Unknown

32-0300983
EIN

5. **Debtor's address**

**Principal place of business**

c/o Philip Franco, Registered Agent
701 Poydras Street
Number Street
Suite 4500
New Orleans LA 70139
City State ZIP Code

Orleans
County

**Mailing address, if different**

5868 Westheimer # 403
Number Street

P.O. Box

Houston TX 77057-5644
City State ZIP Code

**Location of principal assets, if different from principal place of business**

9673 La. Highway 18
Number Street
Lower Elina Plantation
St. James LA 70086
City State ZIP Code

Debtor INCA Refining, LLC
Name
Case number (if known) 17-11182

AMENDED INVOLUNTARY PETITION

**6. Debtor's website (URL)** ______________________

**7. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other type of debtor. Specify: ______________________

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the types of business listed.
☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☒ No
☐ Yes. Debtor ______________________ Relationship ______________________
District ______________________ Date filed ____________ MM / DD / YYYY Case number, if known ______________________

Debtor ______________________ Relationship ______________________
District ______________________ Date filed ____________ MM / DD / YYYY Case number, if known ______________________

## Part 3: Report About the Case

**10. Venue**

*Check one:*

☒ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).
The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☒ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☒ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☐ No
☒ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

Debtor INCA Refining, LLC
Name

Case number (if known) 17-11182

AMENDED INVOLUNTARY PETITION

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| White Oak Strategic Master Fund, L.P. | loans/notes | $87,596,253.71 |
| White Oak Opportunity SRV, L.P. | loans/notes | $4,739,944.31 |
| White Oak Strategic II SRV, L.P. | loans/notes | $2,971,134.87 |
| | Total of petitioners' claims | $95,307,332.95 |

**If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.**

## Part 4: Request for Relief

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

**Petitioners or Petitioners' Representative**

**Name and mailing address of petitioner**

White Oak Strategic Master Fund, L.P.
Name

337 Garden Oaks Blvd., #57962
Number Street

Houston — City; TX — State; 77018-5501 — ZIP Code

**Name and mailing address of petitioner's representative, if any**

By:Crestline-Kirchner,L.P.,Investment Manager
By:CrestlineInvestors, Inc., General Partner
Name

201 Main Street, Suite 1900
Number Street

Fort Worth — City; TX — State; 76102 — ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/11 /2017
MM / DD / YYYY

By:John S. Cochran, Vice-President

✗ [signature]
Signature of petitioner or representative, including representative's title

**Attorneys**

Lawrence R. Anderson, Jr.
Printed name

Seale,Smith,Zuber & Barnette, L.L.P.
Firm name, if any

8550 United Plaza Blvd., Suite 200
Number Street

Baton Rouge — City; LA — State; 70809 — ZIP Code

Contact phone (225)924-1600 Email lranderson@sszblaw.com

Bar number 02470

State Louisiana

✗ [signature]
Signature of attorney

Date signed 05/11 /2017
MM / DD / YYYY

Debtor INCA Refining,LLC
Name

Case number (if known) 17-11182

AMENDED INVOLUNTARY PETITION

**Name and mailing address of petitioner**

White Oak Opportunity SRV, L.P.
Name

337 Garden Oaks Blvd., #57962
Number Street

Houston | TX | 77018-5501
City | State | ZIP Code

**Name and mailing address of petitioner's representative, if any**

By:Crestline-Kirchner,L.P.,Investment Manager
By:CrestlineInvestors, Inc., General Partner
Name

201 Main Street, Suite 1900
Number Street

Fort Worth | TX | 76102
City | State | ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/ 11 /2017
MM / DD / YYYY

By:John S. Cochran, Vice-President

✘ [signature]
Signature of petitioner or representative, including representative's title

Lawrence R. Anderson, Jr.
Printed name

Seale,Smith,Zuber & Barnette, L.L.P.
Firm name, if any

8550 United Plaza Blvd., Suite 200
Number Street

Baton Rouge | LA | 70809
City | State | ZIP Code

Contact phone (225)924-1600 Email lranderson@sszblaw.com

Bar number 02470

State Louisiana

✘ [signature]
Signature of attorney

Date signed 05/11 /2017
MM / DD / YYYY

**Name and mailing address of petitioner**

White Oak StrategicII SRV, L.P.
Name

337 Garden Oaks Blvd., #57962
Number Street

Houston | TX | 77018-5501
City | State | ZIP Code

**Name and mailing address of petitioner's representative, if any**

By:Crestline-Kirchner,L.P.,Investment Manager
By:CrestlineInvestors, Inc., General Partner
Name

201 Main Street, Suite 1900
Number Street

Fort Worth | TX | 76102
City | State | ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/ 11 /2017
MM / DD / YYYY

By:John S. Cochran, Vice-President

✘ [signature]
Signature of petitioner or representative, including representative's title

Lawrence R. Anderson, Jr.
Printed name

Seale,Smith,Zuber & Barnette, L.L.P.
Firm name, if any

8550 United Plaza Blvd., Suite 200
Number Street

Baton Rouge | LA | 70809
City | State | ZIP Code

Contact phone (225)924-1600 Email lranderson@sszblaw.com

Bar number 02470

State Louisiana

✘ [signature]
Signature of attorney

Date signed 05/11 /2017
MM / DD / YYYY

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-11182** |
| **INCA REFINING, LLC** | **CHAPTER 11 (INVOLUNTARY)** |
| **DEBTOR** | **SECTION "B"** |

**STATEMENT REGARDING ASSIGNMENT**

White Oak Opportunity SRV, L.P., as petitioning creditor, makes this statement pursuant to Rule 1003 (a), Federal Rules of Bankruptcy Procedure. Attached is a true and correct copy of the Assignment and Assumption dated January 13, 2010, whereby it acquired a portion of the loans owed by the debtor which form a part of its current claim against the debtor. The consideration for the assignment was that it paid to the assignor, White Oak Opportunity Master Fund, L.P., an amount equal to the principal amount of loans totaling $3,750,000.00 plus all accrued, compounded, and capitalized interest thereon accrued prior to the assignment date. This claim was not transferred for the purpose of commencing this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/11/2017.

White Oak Opportunity SRV, L.P.
By: Crestline-Kirchner, L.P., its Investor Manager
By: Crestine Investors, Inc., its General Partner

By: ______________________________
John S. Cochran, Vice-President

# ASSIGNMENT AND ASSUMPTION

Reference is made to the Amended and Restated Funding Agreement dated as of January 13, 2010 (as amended and in effect on the date hereof, the "Funding Agreement"), among INCA Refining, LLC, a Texas limited liability company, West Bank Land Company, a Texas limited liability company, the Lenders named therein and White Oak Global Advisors, LLC, as Agent for the Lenders. Terms defined in the Funding Agreement are used herein with the same meanings. The Assignor named herein hereby sells and assigns, without recourse, to the Assignee named herein, and the Assignee hereby purchases and assumes, without recourse, from the Assignor, effective as of the Assignment Date set forth herein, the interests set forth on the grid below (the "Assigned Interest") in the Assignor's rights and obligations under the Funding Agreement, including, without limitation, the interests set forth on the grid below of the Assignor on the Assignment Date and Loans owing to the Assignor that are outstanding on the Assignment Date, but excluding accrued interest and fees to and excluding the Assignment Date. The Assignee hereby acknowledges receipt of a copy of the Funding Agreement and the other Loan Documents. From and after the Assignment Date (i) the Assignee shall be a party to and be bound by the provisions of the Funding Agreement and, to the extent of the Assigned Interest, have the rights and obligations of a Lender thereunder and (ii) the Assignor shall, to the extent of the Assigned Interest, relinquish its rights and be released from its obligations under the Funding Agreement.

As consideration for the sale and assignment contemplated hereby, the Assignee shall, on the Assignment Date, pay to the Assignor an amount equal to the principal amount of Loans assigned by the Assignor to the Assignee as set forth in the grid below. Except as otherwise provided in this Agreement, all payments hereunder shall be made in Dollars and in immediately available funds, without setoff, deduction or counterclaim.

The Assignor and the Assignee agree that (i) the Assignor shall be entitled to any payments of principal with respect to the Assigned Interest made prior to the Assignment Date, together with any interest and fees with respect to the Assigned Interest accrued prior to the Assignment Date, (ii) the Assignee shall be entitled to any payments of principal with respect to the Assigned Interest made from and after the Assignment Date, together with any and all interest and fees with respect to the Assigned Interest accruing from and after the Assignment Date, and (iii) the Agent is authorized and instructed to allocate payments received by it for account of the Assignor and the Assignee as provided in the foregoing clauses. Each party hereto agrees that it will hold any interest, fees or other amounts that it may receive to which the other party hereto shall be entitled pursuant to the preceding sentence for account of such other party and pay, in like money and funds, any such amounts that it may receive to such other party promptly upon receipt.

The Assignor does not make any representation or warranty, nor shall it have any responsibility to the Assignee, with respect to the accuracy of any recitals, statements, representations or warranties contained in the Loan Documents, or for the value, validity, effectiveness, genuineness, execution, effectiveness, legality, enforceability or sufficiency of the Loan Documents or any other document referred to or provided for therein or for any failure by the Borrower or any other Person to perform any of its obligations thereunder or for the existence, value, perfection or priority of any collateral security or the financial or other

condition of either Borrower or any of either Borrower's Subsidiaries or any other obligor or guarantor, or any other matter relating to the Loan Documents or any extension of credit thereunder.

Promptly following the receipt by the Assignor of the consideration required to be paid to it by the Assignee hereunder, the Assignor shall: (i) deliver and endorse to the Agent the Note or Notes held by the Assignor, and (ii) if Assignee requests, notify the Agent to request that the applicable Borrower or Borrowers execute and deliver a new Note or Notes to (A) the Assignee, dated as of the Assignment Date or such later date as Assignee may request, in the principal amount equal to the Loan of the Assignee after giving effect to the sale and assignment contemplated hereby and (B) the Assignor, if the Assignor has assigned less than the full amount of its Loans to the Assignee, dated as of the Assignment Date or such later date, in the principal amount equal to the Loans of the Assignor after giving effect to the sale and assignment contemplated hereby.

This Assignment and Assumption is being delivered to the Agent together with, if the Assignee is not already a Lender under the Funding Agreement, any information reasonably requested by the Agent. The Agent hereby waives the fee payable to the Agent pursuant to Section 12.04(b) of the Funding Agreement.

This Assignment and Assumption shall be governed by and construed in accordance with the laws of the State of New York.

Legal Name of the Assignor: White Oak Opportunity Master Fund, L.P.

Legal Name of Assignee: White Oak Opportunity SRV, L.P.

Assignee's Address for Notices: 88 Kearney Street, 4th Floor
San Francisco, CA 94108

Effective Date of Assignment ("Assignment Date"): June 30, 2011

Percentage of Assignor's interest assigned: 100%

Amount of Loans assigned:

| Loans | Amount |
|---|---|
| Initial Loans to INCA: | $0.00 |
| Additional Loans to INCA: | $2,550,000.00, plus all accrued, compounded and capitalized interest thereon |
| Additional Loans to West Bank: | $1,200,000.00, plus all accrued, compounded and capitalized interest thereon |

IN WITNESS WHEREOF, the parties hereto have caused this Assignment and Assumption to be executed by their respective officers thereunto duly authorized, as of the Assignment Date.

**ASSIGNORS:**

WHITE OAK OPPORTUNITY MASTER FUND, L.P., as Assignor

By:____________________
Name: Andre Hakkak
Title: Authorized Representative

**ASSIGNEE:**

WHITE OAK OPPORTUNITY SRV, L.P., as Assignee

By: ____________________
Name: Andre Hakkak
Title: Authorized Representative

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-11182** |
| **INCA REFINING, LLC** | **CHAPTER 11 (INVOLUNTARY)** |
| **DEBTOR** | **SECTION "B"** |

**STATEMENT REGARDING ASSIGNMENT**

White Oak Strategic II SRV, L.P., as petitioning creditor, makes this statement pursuant to Rule 1003 (a), Federal Rules of Bankruptcy Procedure. Attached is a true and correct copy of the Assignment and Assumption dated January 13, 2010, whereby it acquired a portion of the loans owed by the debtor which form a part of its current claim against the debtor. The consideration for the assignment was that it paid to the assignor, White Oak Strategic Master Fund II, L.P., an amount equal to the principal amount of loans totaling $1,597,754.71 plus all accrued, compounded, and capitalized interest thereon accrued prior to the assignment date. This claim was not transferred for the purpose of commencing this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 05/11/2017.

White Oak Strategic II SRV, L.P.
By: Crestline-Kirchner, L.P., its Investor Manager
By: Crestine Investors, Inc., its General Partner

By: ______________________________
John S. Cochran, Vice-President

# ASSIGNMENT AND ASSUMPTION

Reference is made to the Amended and Restated Funding Agreement dated as of January 13, 2010 (as amended and in effect on the date hereof, the "Funding Agreement"), among INCA Refining, LLC, a Texas limited liability company, West Bank Land Company, a Texas limited liability company, the Lenders named therein and White Oak Global Advisors, LLC, as Agent for the Lenders. Terms defined in the Funding Agreement are used herein with the same meanings. The Assignor named herein hereby sells and assigns, without recourse, to the Assignee named herein, and the Assignee hereby purchases and assumes, without recourse, from the Assignor, effective as of the Assignment Date set forth herein, the interests set forth on the grid below (the "Assigned Interest") in the Assignor's rights and obligations under the Funding Agreement, including, without limitation, the interests set forth on the grid below of the Assignor on the Assignment Date and Loans owing to the Assignor that are outstanding on the Assignment Date, but excluding accrued interest and fees to and excluding the Assignment Date. The Assignee hereby acknowledges receipt of a copy of the Funding Agreement and the other Loan Documents. From and after the Assignment Date (i) the Assignee shall be a party to and be bound by the provisions of the Funding Agreement and, to the extent of the Assigned Interest, have the rights and obligations of a Lender thereunder and (ii) the Assignor shall, to the extent of the Assigned Interest, relinquish its rights and be released from its obligations under the Funding Agreement.

As consideration for the sale and assignment contemplated hereby, the Assignee shall, on the Assignment Date, pay to the Assignor an amount equal to the principal amount of Loans assigned by the Assignor to the Assignee as set forth in the grid below. Except as otherwise provided in this Agreement, all payments hereunder shall be made in Dollars and in immediately available funds, without setoff, deduction or counterclaim.

The Assignor and the Assignee agree that (i) the Assignor shall be entitled to any payments of principal with respect to the Assigned Interest made prior to the Assignment Date, together with any interest and fees with respect to the Assigned Interest accrued prior to the Assignment Date, (ii) the Assignee shall be entitled to any payments of principal with respect to the Assigned Interest made from and after the Assignment Date, together with any and all interest and fees with respect to the Assigned Interest accruing from and after the Assignment Date, and (iii) the Agent is authorized and instructed to allocate payments received by it for account of the Assignor and the Assignee as provided in the foregoing clauses. Each party hereto agrees that it will hold any interest, fees or other amounts that it may receive to which the other party hereto shall be entitled pursuant to the preceding sentence for account of such other party and pay, in like money and funds, any such amounts that it may receive to such other party promptly upon receipt.

The Assignor does not make any representation or warranty, nor shall it have any responsibility to the Assignee, with respect to the accuracy of any recitals, statements, representations or warranties contained in the Loan Documents, or for the value, validity, effectiveness, genuineness, execution, effectiveness, legality, enforceability or sufficiency of the Loan Documents or any other document referred to or provided for therein or for any failure by the Borrower or any other Person to perform any of its obligations thereunder or for the existence, value, perfection or priority of any collateral security or the financial or other

condition of either Borrower or any of either Borrower's Subsidiaries or any other obligor or guarantor, or any other matter relating to the Loan Documents or any extension of credit thereunder.

Promptly following the receipt by the Assignor of the consideration required to be paid to it by the Assignee hereunder, the Assignor shall: (i) deliver and endorse to the Agent the Note or Notes held by the Assignor, and (ii) if Assignee requests, notify the Agent to request that the applicable Borrower or Borrowers execute and deliver a new Note or Notes to (A) the Assignee, dated as of the Assignment Date or such later date as Assignee may request, in the principal amount equal to the Loan of the Assignee after giving effect to the sale and assignment contemplated hereby and (B) the Assignor, if the Assignor has assigned less than the full amount of its Loans to the Assignee, dated as of the Assignment Date or such later date, in the principal amount equal to the Loans of the Assignor after giving effect to the sale and assignment contemplated hereby.

This Assignment and Assumption is being delivered to the Agent together with, if the Assignee is not already a Lender under the Funding Agreement, any information reasonably requested by the Agent. The Agent hereby waives the fee payable to the Agent pursuant to Section 12.04(b) of the Funding Agreement.

This Assignment and Assumption shall be governed by and construed in accordance with the laws of the State of New York.

Legal Name of the Assignor: White Oak Strategic Master Fund II, L.P.

Legal Name of Assignee: White Oak Strategic II SRV, L.P.

Assignee's Address for Notices: 88 Kearney Street, 4th Floor
San Francisco, CA 94108

Effective Date of Assignment ("Assignment Date"): June 30, 2011

Percentage of Assignor's interest assigned: 100%

Amount of Loans assigned:

| Loans | Amount |
|---|---|
| Initial Loans to INCA: | $1,597,754.71, plus all accrued, compounded and capitalized interest thereon |
| Additional Loans to INCA: | $0.00 |
| Additional Loans to West Bank: | $0.00 |

IN WITNESS WHEREOF, the parties hereto have caused this Assignment and Assumption to be executed by their respective officers thereunto duly authorized, as of the Assignment Date.

**ASSIGNORS:**

WHITE OAK STRATEGIC MASTER FUND II, L.P., as Assignor

By: [signature]
Name: Andre Hakkak
Title: Authorized Representative

**ASSIGNEE:**

WHITE OAK STRATEGIC II SRV, L.P., as Assignee

By: [signature]
Name: Andre Hakkak
Title: Authorized Representative