**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE:** | **CASE NO.  17-11182** |
| | **(CONSOLIDATED WITH)** |
| **INCA REFINING, L.L.C.,** | **CASE NO. 17-11183** |
| **DEBTOR**[1] | |
| | **CHAPTER 11** |
| | **SECTION "B"** |

**FINDINGS OF FACT & CONCLUSIONS OF LAW**
**OF JOINT SECOND AMENDED CHAPTER 11 PLAN OF LIQUIDATION**
**OF INCA REFINING, L.L.C. AND WEST BANK LAND COMPANY, L.L.C.**

## INTRODUCTION

**WHEREAS**, the above-captioned debtors Inca Refining, L.L.C. and West Bank Land Company, L.L.C. (respectively, "Inca" and "West Bank," and collectively, the "Debtors") proposed the Debtors' Second Amended Combined Plan of Liquidation of Inca Refining, L.L.C. and West Bank Land Company, L.L.C. [Docket Nos. 147, 170, 202, 209 and 211] (and as it may be further modified, the "Plan");[2]

**WHEREAS**, the Court entered its Order ("Order Approving Second Amended Disclosure Statement") [Docket No. 203] approving the disclosure statement ("Disclosure Statement") [Docket No. 201] filed by the Debtors, and among other things, establishing procedures for the solicitation and tabulation of votes on the Plan and scheduling the hearing (the "Confirmation Hearing") to consider confirmation of the Plan for March 22, 2018 at 10:30 a.m. (Central Time);

---

[1] This case is consolidated with West Bank Land Company, L.L.C. in case no. 17-11183.

[2] Capitalized terms and phrases used herein have the meanings given to them in the Plan. A copy of the Plan is attached hereto as **Exhibit A** and incorporated herein by reference.

**WHEREAS**, the Affidavit of Mailing with respect to the mailing of notice of the Confirmation Hearing and solicitation materials in respect of the Plan in accordance with the Order Approving Disclosure Statement [Docket No. 208] (together, the "Affidavit of Mailing") was filed with the Court on  February 21, 2018;

**WHEREAS**, the Debtors filed the Voting Tabulation regarding the solicitation of votes and tabulation of Ballots cast on the Plan [Docket No. 220] (the "Voting Tabulation") on March 16, 2018 attesting to the results of the tabulation of the properly executed and timely received Ballots for the Plan as follows:

i.     **Class 1(a)(b) (Priority Claims)** The Debtors received zero (0) acceptances out of zero (0) votes from holders of Claims under Class 1(a) and (b).  Class 1 is deemed to accept the plan;

ii.     **Class 2(a)(b) (Secured Claim of NCC)**. The Debtors received zero (0) acceptances out of zero (0) votes from holders of Claims under Class 2(a) and (b).  Class 2 is deemed to accept the plan.

iii.     **Class 3(a)(b) (La. Loan Company)**. The Debtors received zero (0) acceptances out of zero (0) votes from holders of Claims under Class 2(a) and (b). Class 3(a) and (b) is disallowed;

iv.     **Class 4(a)(b) (Secured Claim of White Oak)**. The Debtors received [3] acceptances out of [3] votes from holders of Claims under Class 3(a) and (b) in the amount of $100,203,841.00 for voting purposes, such acceptances being 100% percent in number and 100% percent in amount of all ballots received from holders of Class 4(a) and (b) Claims;

v.     **Class 5(a)(b) (Unsecured Claims)**. The Debtors received [3] acceptances out of [3] votes from holders of Claims under Class 5(a) and (b), with the Class 3(b) claimants who voted in favor of the Plan holding Claims in the total amount of $743,378.00 for voting purposes, such acceptances being 100% percent in number and 100% percent in amount of all ballots received from holders of Class 5(a)(b) Claims;

vi.     **Class 6(a)(b) (Equity Interests)**. The Debtors received zero (0) acceptances out of zero (0) votes from holders of Claims under Class 4. Class 4 is deemed to reject the Plan.

**WHEREAS**, an objection to confirmation of the Plan (the "LDR Objection") [Docket No. 219] was filed by NCC Financial, LLC ("NCC");

**WHEREAS**, the NCC Objection has been withdrawn;

**WHEREAS,** the Debtors filed certain immaterial modifications to the Plan ("Immaterial Modifications") [Docket No. 211]

**WHEREAS**, the Court has reviewed the Plan, the Immaterial Modifications, the Voting Tabulation, the Affidavit of Mailing, the Objections, and the other papers before the Court in connection with the confirmation of the Plan;

**WHEREAS**, the Confirmation Hearing was held on March 22, 2018 at 10:30 a.m. (Central Time) before the Court;

**WHEREAS**, the Court heard the statements of counsel in support of Plan confirmation and considered all evidence presented as reflected in the record at the Confirmation Hearing, including the testimony of the Debtor Representative, Bryan Perkinson;

**WHEREAS**, the Court, after due deliberation and for sufficient cause, finds that the evidence admitted in support of the Plan at the Confirmation Hearing is persuasive and credible;

**WHEREAS**, the Court made certain findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions shall be deemed to be incorporated herein in their entirety;

**WHEREAS**, the findings of fact and conclusions of law on the record at the Confirmation Hearing and in this Findings of Fact and Conclusions of Law establish just cause for the relief granted herein;

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**

A.     <u>Findings of Fact / Conclusions of Law</u>.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.   To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     <u>Venue and Jurisdiction</u>.  Venue in this Court was proper as of the Petition Date pursuant to 28 U.S.C. §§ 1408 and 1409 and continues to be proper during this Reorganization Case. This Court has jurisdiction over this matter and the Debtors' cases pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the Bankruptcy Code and should be confirmed and to enter a final order with respect thereto.

C.     <u>Eligibility for Relief</u>.  The Debtors qualify as "debtors" under section 109 of the Bankruptcy Code, and the Debtors are proper proponents of the Plan.

D.     <u>Judicial Notice</u>.   This Court takes judicial notice of the docket of this Reorganization Case maintained by the Clerk of this Court or its duly appointed agent, including, but not limited to, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, adduced, and/or presented at the various hearings held before this Court during the pendency of this Reorganization Case.

E.     <u>Solicitation and Notice</u>.  As evidenced by the Affidavit of Mailing, the solicitation materials were transmitted and served in accordance with the terms of the Order Approving Disclosure Statement, subject to the following.  Such service of the solicitation materials as set forth in the Affidavit of Mailing and as stated on the record in the Confirmation Hearing was (i)

conducted in good faith, (ii) provided adequate and sufficient notice of the Confirmation Hearing and the other requirements, deadlines and matters related to Confirmation of the Plan, (iii) timely and properly served or published in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Order Approving Disclosure Statement and (iv) provided due process and an opportunity to appear and to be heard to all parties in interest.  Because the foregoing transmittals, notices and service were adequate and sufficient, no other or further notice is necessary or shall be required.

F.      Voting. As evidenced by the Voting Tabulation, votes on the Plan were solicited and tabulated fairly, in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Order Approving Disclosure Statement.

G.      Burden of Proof. The Debtors have the burden of proving all elements of Sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence and the Debtors have met that evidentiary burden.

H.      Plan Modifications. To the extent that the modifications to the Plan since the commencement of solicitation (including without limitation the Immaterial Modifications) constitute material modifications, the modifications are for the benefit of all constituents and do not adversely affect or change the treatment of any Claims or Interests. Pursuant to Section 1127(b) of the Bankruptcy Code and Bankruptcy Rule 3019, the modifications do not require additional disclosure under Section 1125 of the Bankruptcy Code or the resolicitation of acceptances or rejections of the Plan under Section 1126 of the Bankruptcy Code, nor do they require that holders of Claims against the Debtors be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The disclosure of the modifications on the record at the Confirmation Hearing constitute due and sufficient notice thereof under the

circumstances of this Reorganization Case. Accordingly, the Plan, as modified by the modifications, is properly before this Court, and all votes cast with respect to the Plan prior to the modifications shall be binding and shall apply with respect to the Plan.

   I.  <u>Bankruptcy Rule 3016</u>. The Plan is dated and identifies the Debtors as plan proponents, thereby satisfying Bankruptcy Rule 3016(a). The Disclosure Statement was filed with the Plan on the docket in this Reorganization Case, thereby satisfying Bankruptcy Rule 3016(b).  The injunction provisions in the Disclosure Statement and the Plan describe, in bold font and with specific and conspicuous language, all acts to be enjoined and identify the entities subject to the injunction, thereby satisfying Bankruptcy Rule 3016(c).

   J.  <u>Good Faith Solicitation and Section 1125(e) of the Bankruptcy Code</u>. The Debtors solicited votes with respect to the Plan in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Order Approving Disclosure Statement. Based on the record before this Court in this Reorganization Case, including, but not limited to, the evidence and testimony proffered, adduced or presented at the Confirmation Hearing, the Debtors and their representatives (as applicable) have acted in "good faith" within the meaning of Section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules in connection with all of their respective activities relating to the Plan and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in the Plan to the extent authorized by this Order.

## COMPLIANCE WITH THE REQUIREMENTS
## OF SECTION 1129 OF THE BANKRUPTCY CODE

K.    The evidentiary record of the Confirmation Hearing support the findings of fact and conclusions of law set forth in the following paragraphs.

L.    Section 1129(a)(1) of the Bankruptcy Code. The Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan complies with the requirements of Sections 1122 and 1123 of the Bankruptcy Code as follows:

i.    Section 1122 of the Bankruptcy Code. In accordance with section 1122(a) of the Bankruptcy Code, Article III of the Plan classifies each Claim against and Interest in each of the Debtors into a Class containing only substantially similar Claims against or Interests in each such Debtor;

ii.    Section 1123(a)(1) of the Bankruptcy Code. In accordance with Section 1123(a)(1) of the Bankruptcy Code, Article V of the Plan properly classifies all Claims and Interests that require classification. In particular, Article V of the Plan segregates into separate classes, Class 1(a)(b) (Priority Claims), Classes 2(a)(b) (NCC Secured Claim), Classes 3(a) and 3(b) (La. Loan Claim) and Class 4(a)(b) (White Oak Secured Claim) and Class 5(a)(b) (Unsecured Claim) and 6(a)(b) (Equity Interests). The number of classes reflects the diverse characteristics of those Claims and Interests, and the legal rights under the Bankruptcy Code of each of the holders of Claims or Interests within a particular Class are substantially similar to other holders of Claims or Interests within that Class;

iii.    Section 1123(a)(2) of the Bankruptcy Code. In accordance with Section 1123(a)(2) of the Bankruptcy Code, Article V of the Plan discloses which classes of Claims or Interests are impaired or unimpaired;

iv.    Section 1123(a)(3) of the Bankruptcy Code. In accordance with Section 1123(a)(3) of the Bankruptcy Code, Article V of the Plan identifies and describes any Class of Claims or Interests that is impaired under the Plan. In particular, Article V of the Plan indicates that Classes 3(a)(b), 4(a)(b), 5(a)(b) and 6(a)(b) are impaired;

v.    Section 1123(a)(4) of the Bankruptcy Code. In accordance with Section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Interest of a particular Class unless the holder of such a Claim or Interest agrees to less favorable treatment;

vi.    <u>Section 1123(a)(5) of the Bankruptcy Code</u>. In accordance with Section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its implementation, including, without limitation: (i) vesting of all Assets to the Liquidating Trust; (ii) creation of the Liquidating Trust under Section 9.6 with the powers set forth under Section 9.7; and (iii) all other matters set forth under Articles IX of the Plan;

vii.   <u>Section 1123(a)(6) of the Bankruptcy Code</u>. The Debtors have complied with the requirements of Section 1123(a)(6); as set forth under Article IX of the Plan as set forth on the record at the Confirmation Hearing;

viii.  <u>Section 1123(a)(7) of the Bankruptcy Code</u>. To the extent that Section 1123(a)(7) of the Bankruptcy Code applies to the selection of the Liquidating Trustee, the selection of the Liquidating Trustee is consistent with the interests of holders of Claims and Interests and public policy;

ix.    <u>Section 1123(b)(1) of the Bankruptcy Code</u>. In accordance with Section 1123(b)(1) of the Bankruptcy Code, Article V of the Plan provides for the impairment of certain classes of Claims and Interests.

x.     <u>Section 1123(b)(2) of the Bankruptcy Code</u>. In accordance with Section 1123(b)(2) of the Bankruptcy Code, Article VIII of the Plan, together with the Plan Supplement, provides for the assumption or rejection of certain Executory Contracts and Unexpired Leases to which the Debtors are parties;

xi.    <u>Section 1123(b)(3) of the Bankruptcy Code</u>. In accordance with Section 1123(b)(3) of the Bankruptcy Code, the Plan provides for the settlement and adjustment of various claims and interests belonging to the Debtors or their estates;

xii.   <u>Section 1123(b)(5) of the Bankruptcy Code</u>. Article V and other provisions of the Plan modifies or leaves unaffected, as the case may be, the rights of holders of each class of Claims and Interests including holders of secured claims;

xiii.  <u>Section 1123(b)(6) of the Bankruptcy Code</u>. In accordance with Section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code;

xiv.   <u>Section 1123(d) of the Bankruptcy Code</u>. In accordance with Section 1123(d) of the Bankruptcy Code, all defaults cured under the Plan shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law;

M.    <u>Section 1129(a)(2) of the Bankruptcy Code</u>. The Debtors have complied with all applicable provisions of the Bankruptcy Code, as required by Section 1129(a)(2) of the Bankruptcy Code, including Section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.   The Disclosure Statement and the procedures by which the ballots for acceptance or rejection of the Plan were solicited and tabulated were fair, properly conducted and in accordance with Sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018 and the Order Approving Disclosure Statement.   Votes with respect to the Plan were solicited in good faith and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Order Approving Disclosure Statement.   The Debtors and each of their respective directors, officers, employees, agents, members and professionals, acting in such capacity, have acted in "good faith," within the meaning of Section 1125(e) of the Bankruptcy Code.

N.    <u>Section 1129(a)(3) of the Bankruptcy Code</u>.   The Debtors proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based on the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed by the Debtors in good faith and in the belief that it will maximize the value of the ultimate recoveries to all creditor groups on a fair and equitable basis. The Plan is designed to effectuate the objectives and purposes of the Bankruptcy Code by maximizing the recoveries to parties in interest.   Moreover, the Plan itself and the acceptance of the Plan by all Classes entitled to vote, provide independent evidence of the Debtors' good faith in proposing the Plan.   Further, as described in greater detail below, the Plan's indemnification, exculpation, release and injunction provisions have been negotiated in good faith, are consensual and voluntary and are consistent with Sections 105, 1123(b)(6), 1129

and 1142 of the Bankruptcy Code and applicable law in this Circuit. Accordingly, the requirements of Section 1129(a)(3) of the Bankruptcy Code are satisfied.

O.      Section 1129(a)(4) of the Bankruptcy Code. In accordance with Section 1129(a)(4) of the Bankruptcy Code, no payment for services or costs and expenses in or in connection with the Reorganization Case, or in connection with the Plan and incident to the Reorganization Case, including Professional Fee Claims, has been or will be made by a Debtor other than payments that have been authorized by order of the Court. Article VI of the Plan provides for the payment of Administrative Claims, including Professional Fee Claims, which are subject to the Court's approval and the standards of the Bankruptcy Code. In connection with the foregoing, Section 9.15 of the Plan provides that the Court will retain jurisdiction after the Effective Date to hear and determine all applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan for the periods ending on or before the Effective Date.

P.      Section 1129(a)(5) of the Bankruptcy Code. To the extent that Section 1129(a)(5) is applicable to the selection of Liquidating Trustee, the identity and the terms of retention of the Liquidating Trustee was properly disclosed in the Liquidating Trust Agreement and the Plan. In light of the structure of the Plan and the transfer of assets to the Liquidating Trust, the provisions of Section 1129(a)(5) are satisfied through disclosure of the Liquidating Trustee and other accompanying disclosures made herein and in the Plan and Disclosure Statement (including without limitation the disclosure of the members of the Post-Confirmation Committee).

Q.      Section 1129(a)(6) of the Bankruptcy Code. Section 1129(a)(6) of the Bankruptcy Code is not applicable. The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency.

R.     <u>Section 1129(a)(7) of the Bankruptcy Code</u>.  Each holder of an impaired Claim that has not accepted the Plan will on account of such Claim, as demonstrated by the liquidation analyses included as Exhibit 4 to the Disclosure Statement, receive or retain property under the Plan having a value, as of the Effective Date, that is at least equal to the amount that such holders would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date.

S.     <u>Section 1129(a)(8) of the Bankruptcy Code</u>.  Pursuant to Section 1129(a)(8) of the Bankruptcy Code, all Classes, other than Classes 3(a)(b), which has been disallowed and 6(a)(b), have either accepted the Plan or are unimpaired. Specifically, the holders of Claims in Classes 4(a)(b), 5(a)(b) voted to accept the plan. Accordingly, Section 1129(a)(8) of the Bankruptcy Code has been satisfied with respect to all Classes other than Classes 3(a)(b).  Classes 6(a)(b) have either rejected, or are deemed to reject, the Plan.  Nonetheless, as set forth below, the Plan satisfies the "cramdown" requirements of Section 1129(b) of the Bankruptcy Code necessary to obtain Confirmation of the Plan, notwithstanding the rejection and/or deemed rejection of the Plan by Classes 3(a)(b).

T.     <u>Section 1129(a)(9) of the Bankruptcy Code</u>. The Plan also meets the requirements regarding the payment of Administrative Claims, Priority Claims and Priority Tax Claims, as set forth in Section 1129(a)(9) of the Bankruptcy Code..

U.     <u>Section 1129(a)(10) of the Bankruptcy Code</u>. As indicated in the Voting Tabulation and as reflected in the record of the Confirmation Hearing, at least one Class of Claims that is impaired under the Plan (Classes 5(a)(b)) have voted to accept the Plan, as determined without including the acceptance by any insider, with respect to all Debtors under the Plan.

V.     <u>Section 1129(a)(11) of the Bankruptcy Code</u>.  As demonstrated by the evidence in the record, upon the Effective Date, the Liquidating Trust will have sufficient cash and other assets to meet its obligations under the Plan.

W.     <u>Section 1129(a)(12) of the Bankruptcy Code</u>.  Article 6.1.5. of the Plan provides that on the Effective Date, Administrative Claims for fees payable pursuant to 28 U.S.C. § 1930, as determined at the Confirmation Hearing by the Court, shall be paid by the Debtors in Cash equal to the amount of such Administrative Claims. All fees payable pursuant to 28 U.S.C. § 1930 shall be paid by the Liquidating Trustee in accordance therewith until the closing of the applicable Bankruptcy Case pursuant to section 350(a) of the Bankruptcy Code.

X.     <u>Section 1129(a)(13) of the Bankruptcy Code</u>.  To the extent applicable, the Plan satisfies the requirements of Section 1129(a)(13) of the Bankruptcy Code, as the Debtors are not required to provide any retirement benefits.

Y.     <u>Section 1129(a)(14), (15) and (16) of the Bankruptcy Code</u>.  Sections 1129(a)(14), (15) and (16) of the Bankruptcy Code do not apply to this Reorganization Case as the Debtors owe no domestic support obligations, are not individuals and are not nonprofit corporations.

Z.     <u>Section 1129(b) of the Bankruptcy Code</u>.  Pursuant to Section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding that Classes 3(a)(b) are impaired and disallowed, Classes 6(a)(b) are impaired and have rejected or are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Class 5(a)(b) has accepted the Plan.

AA.     <u>Section 1129(c) of the Bankruptcy Code</u>. The Plan is the only plan that has been filed in this Reorganization Case that has been found to satisfy the requirements of subsections

(a) and (b) of Section 1129 of the Bankruptcy Code. Accordingly, the requirements of Section 1129(c) of the Bankruptcy Code are not applicable in this Reorganization Case.

BB.     <u>Section 1129(d) of the Bankruptcy Code</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended. Accordingly, the Plan satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

CC.     <u>Section 1129(e) of the Bankruptcy Code</u>.  This Reorganization Case is not a small business case within the meaning of the Bankruptcy Code.  Accordingly, Section 1129(e) of the Bankruptcy Code is inapplicable to this Reorganization Case.

DD.     <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, and all other pleadings and evidence proffered or adduced at or prior to the Confirmation Hearing, the Plan and the Debtors satisfy all of the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

## FINDINGS REGARDING IMPLEMENTATION OF THE PLAN

EE.     <u>Implementing Documents</u>.    All documents and agreements necessary to implement the Plan, including, but not limited to, those contained in the Notice of Filing of Plan Supplement [Dkt. No. 209], and all other relevant and necessary documents (including, without limitation, the Liquidating Trust Agreement) are essential elements of the Plan and have been negotiated in good faith and at arm's-length, and shall, upon completion of documentation and execution, be valid, binding and enforceable agreements and not be in conflict with any federal, state or local law. The Debtors have exercised reasonable business judgment in determining which agreements to enter into and have provided sufficient and adequate notice of such documents and agreements.

{N3554382.2}                                                    13

FF.    The Liquidating Trust Agreement is approved.  The Debtors, through the Debtor Representative, and the Liquidating Trustee, are authorized, without any further notice to, or action, order or approval of, this Court, to finalize, execute and deliver all agreements, documents, instruments and certificates relating to the Plan and Liquidating Trust Agreement (including without limitation, the Liquidating Trust Agreement itself) and to perform their obligations under such agreements, documents, instruments and certificates.

GG.    <u>Jurisdiction With Respect to Injunction Provisions</u>. This Court has jurisdiction under Sections 157 and 1334(a) and (b) of title 28 of the United States Code to approve the injunctions set forth in Article IX of the Plan. Section 105(a) of the Bankruptcy Code permits issuance of the injunctions set forth in Article IX of the Plan.

HH.    <u>Injunction</u>. Based on the record before this Court, including, but not limited to, the evidence proffered, adduced, and/or presented at the Confirmation Hearing, which is reasonable, persuasive, and credible, the injunction provisions set forth in Article IX of the Plan (1) confer substantial benefit to the Estates, (2) are fair, equitable, and reasonable, (3) are in the best interests of the Debtors, their Estates, and parties in interest, (4) are an integral element of the transactions incorporated into the Plan; (5) are supported by valuable consideration, (6) are important to the overall objectives of the Plan to finally resolve all Claims and Equity Interests among or against the parties in interest in this Case with respect to the Debtors' liquidation, and (7) do not relieve any party of liability arising out of an act or omission constituting willful misconduct (including, but not limited to, fraud) or gross negligence. Accordingly, this Court finds that the Injunction pursuant to the Plan is part of a fair and a valid exercise of the Debtors' business judgment.

II.     <u>Retention of Jurisdiction</u>. This Court may properly retain jurisdiction over any matter arising under the Bankruptcy Code, or arising in, or related to, this Bankruptcy Case the Sale or Auction of the St. James Property, the Liquidating Trust or the Plan, after Confirmation thereof and after the Effective Date, and any other matter that is within this Court's jurisdiction pursuant to 28 U.S.C. § 1334 or 28 U.S.C. § 157.

JJ.     <u>Objections</u>.  All parties have had a full and fair opportunity to litigate all issues raised in the Objections, or which might have been raised, and the Objections have been fully considered by this Court.

**IT IS FURTHER ORDERED** that movant shall serve this order on the required parties who will not receive notice through the ECF system pursuant to the FRBP and the LBR's and file a certificate of service to that effect within three days.

New Orleans, Louisiana, April 9, 2018.

*J. A. Brown*

Hon. Jerry A. Brown
U.S. Bankruptcy Judge